UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUTH KAREN ALVAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1292 |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Ruth Karen Alvarez's ("Alvarez") Motion to Remand (Doc. 7), as well as Defendants Liberty Mutual Fire Insurance Company ("Liberty") and Edith Ares' ("Ares") response (Doc. 8). Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Plaintiff's Motion to Remand should be denied.

I.  Background and Relevant Facts

This is an insurance case. Alvarez was injured while working for Smith Protective Services as a security guard at the Treemont Retirement Community ("Treemont") on or about March 20, 2009. (Doc. 1-1 at 3; Doc. 8 at 18.) According to Ares' affidavit:

> Alvarez sustained injuries after an altercation with two non-residents [of Treemont], women posing as nurses trespassing on Treemont property. Alvarez and Marcos Vega (a maintenance employee) demanded the trespassers' nursing licenses and were told the licenses were in the car. Alvarez was bumped by a car when one the women "pressed the gas a little bit bumping [Alvarez's] thigh." The trespassers eventually got out of the car but became aggressive and tried to leave. Another altercation ensued and one of the trespassers hit Alvarez on the back of the head with her handbag knocking Alvarez down. Alvarez was taken to the hospital by ambulance.

(Doc. 8 at 19.)

On April 2, 2009 Alvarez filed an insurance claim with Liberty for a "strain" injury resulting from the March 20, 2009 incident. (Doc. 1-1 at 11.) Ares was the claim adjuster for Alvarez's claim. (*Id.*) On May 27, 2009, Liberty denied Alvarez's claim, noting:

> The claimant's injury did not arise out of or in the course and scope of employment for the employer. Moreover, the claimant is not an employee of Smith Protective Services. No coverage on this claim. Carrier is denying any indemnity and medical benefits relating to date of injury 3/20/09 at this time.

(Doc. 1-1 at 12.)

On March 16, 2010, Alvarez filed her Original Petition in the District Court of Harris County, Texas asserting claims for violations of the Texas Insurance Code § 541.060(a)(2)(A), (a)(3), (a)(7), § 541.061(1)–(3), and § 541.002(1), breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("TDTPA"). (Doc. 1-1 at 5–8.) On April 21, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. 1 at 1.) Alvarez now moves for remand to state court. (Doc. 7.)

II.  Standard of Review

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Where federal diversity jurisdiction exists, a defendant may remove an action from a State court to the "district court of the United States for the district and division within which such action is pending . . . ." The removing

party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–9 (1941). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All facts are view most favorable to the plaintiffs. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

III.  Discussion

Alvarez argues that the Court lacks subject matter jurisdiction because the parties are not completely diverse. Defendants contend that Alvarez improperly joined Defendant Ares to defeat diversity. The "fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (citing S*alazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)). "[T]he burden of demonstrating fraudulent joinder is a heavy one[.]" *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In the Fifth Circuit, there are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

cause of action against the non-diverse party in state court." *Smallwood v. Ill. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2005) (internal quotation omitted). Under the second test, the defendant prevails only when it establishes "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A reasonable basis for state liability requires that there be a reasonable possibility of recovery, not merely a theoretical one. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461–62 (5th Cir. 2003).

When evaluating the Plaintiff's possibility of recovering against the in-state Defendants, the Court may conduct "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*; *Guillory*, 434 F.3d at 309. The Court may also "pierce the pleadings" and "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross*, 344 F.3d at 462–63); *accord, Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003). However, the Court "must evaluate all of the factual allegations in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005); *B., Inc. v. Miller Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

The question here is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Ares, the in-state defendant. *Smallwood*, 385 F.3d at 573. Defendants urge that Plaintiff cannot recover from Ares because "the type of wrongful conduct for which Texas courts have held individual adjusters liable has not been alleged in this case." (Doc. 8 at 14.) Alvarez argues that Ares can be held individually liable for

her actions because she "took individual responsibility for, and control over, the handling of Ms. Alvarez's claims under the policy." (Doc. 7 at 5.)  While Alvarez is correct that such conduct would subject Ares to individual liability, her complaint fails to plead any facts in support of her allegations.  A near verbatim recitation of Chapters 541 and 542 of the Texas Insurance Code is insufficient.  As Alvarez was represented by counsel when she filed her claim, Ares did not speak with her directly in the course of handling her worker's compensation claim. (Doc. 8 at 19.)  The Court finds that Alvarez's petition fails to allege any particular instance when Ares subjected herself to liability separate and apart from Liberty.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Ruth Karen Alvarez's Motion to Remand (Doc. 7) is **DENIED**.

Defendant Edith Ares is **DISMISSED**.

SIGNED at Houston, Texas, this 22nd day of March, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE